RECEIVED
IN ALEXANDRIA, LA

JAN -4 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RICKY LEE JONES<br>FED. REG. #38756-004<br>VS. | CIVIL ACTION NO. 09-1840<br>SECTION P<br>JUDGE DRELL |
| WARDEN JOE KEFFER | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, petitioner Ricky Lee Jones filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on October 21, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is confined at the United States Penitentiary, Pollock, Louisiana and by this petition he attacks his 1996 convictions in the United States District Court for the Southern District of Florida. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### Background

Petitioner was indicted by a federal grand jury on charges of possession with intent to distribute marijuana (21 U.S.C.

§841(a)(1)), carrying a firearm while engaged in drug trafficking (18 U.S.C. §924(c)), being a felon in possession of a firearm (18 U.S.C. §922(g)(1)), and possessing an unregistered weapon (26 U.S.C. §5861(d)). Prior to trial, petitioner moved to suppress the drugs and weapons as having been seized in an unlawful search. According to petitioner, the trial court denied the motion notwithstanding contradictory and false testimony on the part of the arresting officers. Petitioner proceeded to trial and he was ultimately found guilty as charged and sentenced to concurrent and consecutive sentences totaling 228 months. United States v. Ricky Lee Jones, No. 96-cr-10006 (S.D. Fla.). His convictions and sentences were affirmed in unpublished opinions of the United States Eleventh Circuit Court of Appeals in 1997. See United States v. Jones, 132 F.3d 1460(11th Cir. 1997) and 132 F.3d 1461 (11th Cir. 1997).

In 1998 petitioner filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. §2255 alleging the following claims – (1) manifest injustice when counsel breached duty as client advocate by failing to diligently confront adverse witnesses, thereby resulting in ineffective assistance of counsel; (2) manifest injustice due to double jeopardy; (3) manifest injustice when government solicited false testimony; and (4) miscarriage of

justice by reason of insufficiency of the evidence and false testimony. <u>Jones v. United States</u>, 98-cv-885 (S.D. Fla.) These claims were ultimately dismissed on September 15, 1999 and petitioner did not appeal.

Petitioner now attacks the original conviction claiming that Binhak, the Assistant United States Attorney who prosecuted him, "... concealed prior inconsistent statements..."; that Abrams, his court-appointed trial attorney, "constructively denied Petitioner his right to effective assistance of counsel..."; and that Arango, the Assistant United States Attorney who litigated petitioner's Motion to Vacate Sentence under 28 U.S.C. §2255) "... concealed [evidence] from the record of Petitioner's §2255 proceedings while actively misrepresenting that the discrepancies contained within them were only minor..." According to petitioner, these acts by these individuals denied petitioner his right to meaningful access to the courts. [rec. doc. 1, p. 17]

He concludes by stating that he "... has made a *prima facie* showing that, due to affirmative misconduct, the government is equitably estopped from using statutory and procedural rules to bar his claim that his detention is in violation of his substantive constitutional right to meaningful access to the

court." [rec. doc. 1-2, p. 25]

## *Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241. He argues that he was wrongfully convicted and sentenced and by this petition he seeks to collaterally attack those judgments of the United States District Court for the Southern District of Florida.

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). Here, petitioner collaterally attacks his convictions and therefore, his claim should be advanced in a Motion to Vacate filed pursuant to 28 U.S.C. §2255.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the §2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A

prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous Motion to Vacate. Instead, he argues that the government – including this Court – is equitably estopped from using the law to bar review of his claims. That allegation is insufficient to demonstrate that the remedy provided by §2255 is inadequate and

5

that petitioner is thus entitled to proceed under the "Savings Clause."

In short, petitioner has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. <u>Christopher v. Miles</u>, 342 F.3d 378 (5th Cir. 2003).

### Conclusion and Recommendation

Considering the forgoing,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14)days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Alexandria, Louisiana, January 4, 2010. ~~2009.~~

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE